UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JAMES N PRATHER JR** | **CASE NO. 6:21-CV-00101** |
| **VERSUS** | **JUDGE JUNEAU** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. 14). Defendant, State Farm Mutual Automobile Insurance Company, opposed the Motion (Rec. Doc. 17). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's Motion be denied.

### Factual Background

Plaintiff initially filed suit in state court against Jason Melancon and his liability insurer, Progressive Security Insurance Company, following an automobile accident. (Rec. Doc. 1-1, p. 4-7). By First Supplemental and Amended Petition in state court, Plaintiff named his uninsured/underinsured motorist insurance carrier, State Farm. (Rec. Doc. 1-1, p. 8-10).

In January 2021, Plaintiff's counsel confirmed via email to State Farm's counsel that Plaintiff had settled with Progressive for policy limits of $25,000. (Rec. Doc. 17-1). Soon thereafter, State Farm removed the case on the grounds of diversity jurisdiction to this Court. (Rec. Doc. 1). Melancon and Progressive have never filed responsive pleadings to Plaintiff's First Supplemental Petition. In March 2021, this Court issued a Notice of Intent to Dismiss Melancon and Progressive for Plaintiff's failure to prosecute by seeking default against Melancon and Progressive. (Rec. Doc. 7). The Notice provided Plaintiff 60 days to seek a default. Plaintiff did not seek a default, and the Court dismissed Melancon and Progressive in March 2021. (Rec. Doc. 8). The parties proceeded with selecting a trial date and establishing deadlines for litigation. (Rec. Doc. 10-11).

Plaintiff seeks to remand this case on the grounds that complete diversity does not exist, because Plaintiff and Melancon, the defendant driver, are both citizens of Louisiana. State Farm argues that Plaintiff has no viable claims against Melancon, since those claims have been settled.

## **Law and Analysis**

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. 28 U.S.C. §1441 and §1446 provide the procedural

mechanism by which a party may remove a matter from state court to a federal district court.

Generally, upon the filing of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Thus, State Farm, as the party seeking to invoke federal diversity jurisdiction under §1332, bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003).

The disputed issue is whether complete diversity exists. Generally, "a case nonremovable on the initial pleadings [can] become removable only pursuant to a voluntary act of the plaintiff"; this is the "voluntary-involuntary" rule. *Morgan v. Chase Home Fin., LLC*, 306 F. App'x 49, 52 (5th Cir. 2008), citing *Weems v. Louis Dreyfus Corp.,* 380 F.2d 545, 547 (1967). Under the voluntary-involuntary rule, "if a nondiverse defendant is dismissed as a result of either the defendant or the court acting against the wishes of the plaintiff, the case cannot be removed, but '[w]here plaintiff by his voluntary act has definitely indicated his intention to discontinue the action as to all non-diverse defendants, the case then becomes removable.'" *Griffith v. Progressive Sec. Ins. Co.,* No. 6:20-CV-01325, 2021 WL 317888, at *3 (W.D. La. Jan. 7, 2021), *report and recommendation adopted,* No. 6:20-CV-01325, 2021 WL

3

317816 (W.D. La. Jan. 29, 2021), citing *Aydell v. Sterns*, 677 F.Supp. 877, 880 (M.D. La. 1988).

This Court considered a similar factual scenario in *Griffith, supra*, wherein the plaintiff sued the defendant driver and his liability insurer in state court and subsequently sued his UM insurer. *Griffith*, at *3-4 After the plaintiff settled his claims against the defendant driver and his insurer, the UM insurer removed the case. The court held that removal was proper because the plaintiff had settled his claims against the non-diverse defendants (plaintiff's voluntary act), thereby indicating his intention to not pursue those claims. *Id*. Removal was thus proper despite the fact that a formal dismissal had not yet been filed. The court reasoned:

> This is so because defendants who have settled are nominal parties who are "no longer effectively a party to the case." Accordingly, the citizenship of the defendants with whom the plaintiff settled need not be considered when evaluating diversity.

*Id*. (citations omitted).

The *Griffith* plaintiff had signed a settlement release, evidencing his intent to release all claims. In this case, Plaintiff's counsel advised State Farm's counsel via email that Plaintiff "settled *with Progressive* for policy limits of $25,000." (Rec. Doc. 17-1) (emphasis added). According to State Farm, Plaintiff refused to provide any further information regarding settlement. Although it is assumed that Plaintiff also settled his claims against Melancon, there is no evidence to that effect. State Farm did not present evidence of a signed settlement agreement, and Plaintiff

4

submits that his "claim against Melancon…are alive and well in state court." (Rec. Doc. 14-1, p. 5).

Nevertheless, Plaintiff's alleged failure to provide further settlement information does not doom State Farm's removal. "Even though removal may have been improper due to a lack of diversity jurisdiction at the time of removal, if the defect is later cured before it is noticed, the federal court has subject matter jurisdiction to enter judgment." *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000), citing *Wright, Miller & Cooper, id.* at 588–89; *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 75–77, 117 S.Ct. 467, 476–77, 136 L.Ed.2d 437 (1996). In *Texas Beef Grp.*, the Fifth Circuit found removal was proper after a non-diverse defendant, Cannan, was non-suited:

> When they were given the opportunity to amend at the district court, the [plaintiff] cattlemen made no effort to rejoin Cannan, assuring the district court instead that "[s]tate court is *not* the Plaintiffs' preferred forum." Cannan is absent from the litigation because of the cattlemen's choice. And, as in *Caterpillar,* the case went to trial and resulted in a judgment founded on complete diversity.

*Id*.

Similarly, in this case, Plaintiff's failure to seek a default against Melancon and Progressive, as prompted by the Clerk's Notice of Intent to Dismiss (Rec. Doc. 7), confirms that Plaintiff has abandoned his claims against them. Thus, although Melancon may have been a viable party at the time of removal, his acquiescence in the Court's dismissal confirms diversity jurisdiction. Any future judgment would be

founded on complete diversity because Plaintiff and State Farm are diverse. Accordingly, the Court recommends that Plaintiff's Motion to Remand be denied.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Remand (Rec. Doc. 14) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 17th day of August, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE